SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. BOCKELMAN, OSB #105934**
Assistant United States Attorney
Nicole.Bockelman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

<br>

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-CR-00168-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **LEE OTIS BOX JR.,** | |
| **Defendant.** | |

### <u>INTRODUCTION</u>

Special Agents recovered multiple text messages from defendant's phone confirming defendant's firearm purchases for other people.  Defendant sent and received text messages from individuals with criminal histories; illustrating that felons were reaching out to defendant to request that defendant buy specific guns, and to confirm the price of the firearms requested. Defendant admitted to law enforcement that he purchased firearms and sold the guns because he

needed the money.  Agents recovered trace firearm purchase records confirming defendant's purchases of multiple firearms consistent with his text message communications.

The facts of the instant offense support the joint recommendation of 4 months of jail and 4 months of home confinement with three years' supervised release.  A sentence of 4 months jail and 4 months of home custody with three years' supervised release is sufficient, but not greater than necessary, to meet the purposes of sentencing; this Court should 4 months jail and 4 months of home custody with three years' supervised release.

## I.    FACTUAL BACKGROUND

### A.    The Offense Conduct

From May 11, 2018 until October 3, 2023, defendant purchased 34 firearms in Oregon. Between February 2, 2021 and January 26, 2023, 10 firearms purchased by defendant were recovered from different people involved in criminal investigations.

Members of law enforcement applied for, and were granted, a search warrant to search defendant's residence.  On October 20, 2023, agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) searched defendant's residence and found several receipts for defendant's purchases of firearms and several empty gun boxes.  Two of the gun boxes were for firearms that were previously recovered during law enforcement investigations.  One of the boxes was for a Glock handgun that Box purchased on September 2, 2020 and was recovered by police in a domestic violence investigation.

As part of the search, ATF downloaded the contents of defendant's cellphone and found multiple text messages regarding defendant's sale of firearms.  Agents found text messages on defendant's phone from July 7, 2021 that included messages sent to defendant's phone asking, "can you go to the store tomorrow and lmk (let me know) what they got and for how much?" as

**Government's Sentencing Memorandum**                                                    **Page 2**

well as, "I want a FN or any type of glock that's a .40 or .45…even a .9mm I ain't tripping".

Defendant responded to those text messages with, "Ok".  ATF obtained firearms trace summary

reports showing that on September 6, 2021, defendant purchased a Glock .45 on September 6,

2021.

ATF located additional text message communications on defendant's phone from

October 31, 2020, from an individual known by law enforcement to be a convicted felon, S1, and

defendant.  On that day, S1 sent a text message to defendant, "if I sell this gman can we go get

the FN ruger today for 650…look at the pic and tell me how much it cost".  Defendant responded

in a text message saying, "the one at the other place and od the guy still want that other one".  S1

responded, "he acting like a bitch but I might grab a 40 for 350 can we still pop up there".

Defendant replied, "I'm goin to the store now and I still got the glock for sale the other person

playing".  S1 replied, "I'll be there in 20 min".  ATF obtained trace firearm records showing that

on October 31, 2020, defendant purchased two firearms from Keith's Sporting Goods, one

firearm was a Ruger and one firearm purchased by defendant was a Glock handgun.

\\\

\\\

\\\

\\\

**Government's Sentencing Memorandum**                                                                 **Page 3**

On November 13, 2020, S1 sent defendant a text message asking, "Can u go to the gun store today?". Defendant replied to the text message on November 20, 2020, stating, "Bout to go in what u need". S1 replied, "45 shells and a ruger 57". Defendant sent the text message, "Glock right…they got it and it's 649".



ATF obtained trace firearm purchase records showing that defendant purchased a Ruger firearm from Keith's Sporting Goods on November 23, 2020.

**Government's Sentencing Memorandum**                                           **Page 4**

On September 5, 2021, police arrested S1 with a Glock firearm purchased by defendant. Defendant purchased the Glock recovered from defendant on May 22, 2021.

On October 20, 2023, special agents with ATF interviewed defendant. Post *Miranda,* defendant admitted that he transferred a firearm to S1, and defendant explained that he gave S1 the firearm so that S1 could have the gun for protection. ATF asked defendant if defendant knew why law enforcement was investigating S1 and defendant said it was because of the switch (referring to the machine gun conversion device) connected to the gun retrieved from S1. Agents with ATF asked defendant had any guns that were stolen from him. Defendant answered, "hell no".

ATF asked defendant to explain how guns that defendant purchased were found on other people involved in criminal investigations. Defendant answered, "I have sold a gun because I needed money". Defendant said the only gun he had at the moment was at a pawnshop. Agents with ATF showed defendant Form 4473 that defendant filled out to purchase firearms. Agents pointed to the box that defendant marked to indicate that defendant represented that he was the actual buyer of the gun and that he was not acquiring the gun on behalf of another person. Defendant told the agents that he did not buy any guns for anyone besides himself. Agents told defendant it was concerning that defendant purchased 34 guns and that defendant sold all but two of the guns. Defendant agreed with the agents but said that he also lost some guns in a pawnshop.

Agents with ATF asked defendant about firearms found on another individual involved in criminal activity, S2. Law enforcement recovered a firearm from S2 that defendant purchased 31 days prior to the gun recovery by police. Agents asked defendant, "you purchased the guns and then sold them within 30 days?". Defendant responded, "I don't know if I sold all of them right

**Government's Sentencing Memorandum**                                    **Page 5**

then". Defendant told agents that he was not working at the time he sold the guns and that he needed money to pay rent.

Agents asked defendant about a third person (S3) that was arrested with a firearm purchased by defendant. Defendant admitted that he knew S3, but said that he did not sell S3 a firearm. Defendant said he went shooting with S3 and that S3 kept defendant's gun. Defendant admitted there was another individual that he sold a firearm to but said, "I don't know the guy's name, he was light skinned". Defendant admitted to transferring at least three firearms to other individuals and acknowledged the firearms he purchased were recovered in criminal investigations.

## II.    The Charge

On April 21, 2026, defendant pleaded guilty to Count 1 of a two-count indictment. Count 1 charged that on or about May 11, 2018 until October 3, 2023, in the District of Oregon, defendant, in connection with the acquisition of a firearm from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United State Code, knowingly made a false and fictitious written statement to a licensed dealer, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale of the firearm to defendant under Chapter 44 of Title 18 in that the defendant represented that he was not acquiring the firearm on behalf of another person in violation of 18 U.S.C. § 922(a)(6). PSR at ¶1.

## III.    Criminal History

| Crime | Conviction Date | Jurisdiction | Sentence |
|---|---|---|---|
| Driving Under the Influence (misdemeanor) (Age 36) | 08/30/2022 | Clark County District Court, WA | 1 day jail; 5 years no criminal violations |

**Government's Sentencing Memorandum**                                    **Page 6**

## IV.     Guidelines Calculations

The Pre-Sentence Report (PSR) and the government determined defendant's base level to be 14 under USSG § 2K2.1(a)(6)(A) and his total offense level to be 15 after all adjustments. PSR at ¶45.  Upon further review, defendant's base offense level should be 12 because defendant has no prior felony convictions under USSG § 2K2.1(a)(7).  The government made the following calculations in determining the defendant's total offense level:

| Enhancement | Government's Position |
|---|---|
| Base Offense Level— USSG § 2K2.1(a)(7) | 12 |
| Enhancement due to number of firearms involved in the offense USSG § 2K2.1(b)(1) | +4 |
| Acceptance of Responsibility— USSG § 3E1.1 | -3 |
| 18 U.S.C. § 3553(a) defense mitigation and joint recommendation | -2 |
| **Total Offense Level** | 11 |
| **Resulting Guideline Range** | 8-14 months |

The total criminal history score for the above convictions is one; the resulting criminal history category is I. USSG §5A; PSR at ¶ 49.

### Government's Recommended Sentence

The government recommends a sentence of 4 months of jail custody, 4 months of home confinement and three years supervised release.  This is a sentence that is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. §3553(a).

**Government's Sentencing Memorandum**                                                         **Page 7**

The nature and circumstances of the underlying offense demonstrate to the court that defendant should receive 4 months of jail followed by 4 months of stringent home custody and 3 years of supervised release conditions.

Defendant acknowledged while speaking with agents that he provided firearms to others. Defendant explained that he sold firearms to make money to pay rent.  Defendant said that one of the firearms that defendant purchased and provided to another person had a switch, or a machinegun conversion device attached to the gun.

Four months of jail custody and four months of home confinement with a three-year term of supervised release will provide sufficient deterrence because defendant will regularly be required to report to the U.S. Probation office and will be required to comply with the terms of his supervised release.  Defendant's conduct demonstrates a need for stringent surveillance and oversight that can be provided while he is in custody, in home confinement and while on supervised release.  Defendant's conduct demonstrates a disregard for the danger connected with providing firearms to individuals that commit crimes while possessing those guns.   The recommended 4 months of jail custody with 4 months of home confinement and three years' supervised release should be imposed.

V.    **Forfeiture**

There was no property forfeited by defendant as part of his plea agreement.

\\\

\\\

\\\

**Government's Sentencing Memorandum**                                                                 **Page 8**

**CONCLUSION**

Based on the foregoing, the government recommends that this Court impose a sentence of 4 months of jail custody, 4 months of home confinement and three years' supervised release, subject to the standard conditions, plus the special conditions that have been recommended in the PSR, including no firearms, and imposition of a $100 fee assessment.

Dated: July 8, 2026                        Respectfully submitted,

                                           SCOTT BRADFORD
                                           United States Attorney


                                           */s/ Nicole M. Bockelman*
                                           NICOLE M. BOCKELMAN, OSB #105934
                                           Assistant United States Attorneys